ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 JUN -2 PM 3: 50

DEPUTY CLERK _____

| | | |
|---|---|---|
| RANDY J. AUSTIN, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS L.P. d/b/a KROGER | § | |
| STORE #209, | § | |
|     Defendant | § | **3-11CV1169-B** |

---

### DEFENDANT'S NOTICE OF REMOVAL

#49736

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Kroger Texas L.P.

d/b/a Kroger Store #209 ("Kroger") in the cause styled "Randy Austin v. Kroger Texas L.P. d/b/a

Kroger Store #209" originally pending as Cause No. CC-11-02853-B in the County Court at Law No.

2 of Dallas County, Texas, files this Notice of Removal of the cause to the United States District

Court for the Northern District of Texas, Dallas Division.

1.

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.  In

particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship

between the parties.  Kroger is not a citizen of the State of Texas, and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

2.

Plaintiff, at the time of the initial filing of this action and at the current time of the removal

of this action, was and is a citizen, resident, and domicile of the State of Texas.

3.

Real party in interest - Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principle place of business in Ohio. Neither KPGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

4.

Plaintiff claims that, during the course and scope of his employment with Kroger, he was seriously injured when he slipped and fell on water while mopping the bathroom floors of the Kroger store. Plaintiff contends that the accident caused a severe left hip dislocation and left femur fracture. Plaintiff alleges these injuries have required six surgeries (to date) on his left hip and lower extremity, and that his left leg is now 2 inches shorter than his right leg. [1] Plaintiff filed suit on April 25, 2011, in the County Court at Law No. 2 of Dallas County, Texas, alleging negligence and gross negligence causes of action against Kroger.

5.

It is facially apparent from Plaintiff's Petition that the amount in controversy is over $75,000. In addition to the past medical expenses for six surgeries, Plaintiff seeks reasonable and necessary future medical expenses, past and future physical pain and suffering, past and future mental anguish, permanent impairment, physical disfigurement, past and future lost wages, past

---

[1] *See* Plaintiff's Original Petition, attached hereto as Tab 2(b).

and future loss of earning capacity, exemplary damages, pre-judgment and post-judgment interest and cost of suit. These allegations are sufficient to establish that the amount in controversy is at least $75,000.00.[2]   As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[3]

6.

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Kroger first became aware this case was removable on or about May 3, 2011, when Kroger was served with Plaintiff's Original Petition (date citation was mailed). Accordingly, this removal is timely because it is made within thirty days after the receipt by Kroger of the document which first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on April 25, 2011. 28 U.S.C. § 1446(b).

---

[2] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming that it was "facially apparent" that the amount in controversy exceeded $75,000 based on alleged injuries to wrist, knee, patella, and back and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (finding that at the time of removal, it was facially apparent by the "lengthy list of compensatory and punitive damages" sought by the plaintiff that the amount in controversy exceeded $75,000); *see also Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828 (E.D. Tex. 2008).

[3] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

7.

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

8.

Kroger filed with the Clerk of the County Court at Law No. 2 of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

9.

Pursuant to Local Rule 81.1, the following documents are attached:

    (1)     State court docket sheet (as of June 2, 2011);

    (2)     Index of State Court Filings:

        (a)     Plaintiff's Original Petition, and Request for Disclosures and Citation (filed 4/25/11);

        (b)     Defendant's Original Answer (filed 5/27/11); and

    (3)     Certificate of Interested Parties.

Also, a Civil Cover Sheet and Supplemental Civil Cover Sheet are being filed with this Notice.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**Donna C. Peavler**
Attorney-in-charge
State Bar No. 00783887
dpeavler@peavlergroup.com
**Kimberly P. Harris**
State Bar No. 24002234
kharris@peavlergroup.com
THE PEAVLER GROUP
3400 Carlisle Street, Suite 430
Dallas, Texas 75204
(214) 999-0550
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
KROGER TEXAS L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsels of record:

Brent S. Freefield
Rad Law Firm, P.C.
12900 Preston Road, Ste. 900
Dallas, Texas  75230

via first-class mail, in accordance with the Federal Rules of Civil Procedure on June 2, 2011.

Kimberly P. Harris



 

### COUNTY COURT AT LAW NO. 2
# DOCKET SHEET
## CASE NO. CC-11-02853-B

| | |
|---|---|
| RANDY J AUSTIN<br>vs.KROGER TEXAS LP, DOING BUSINESS AS<br>KROGER STORE #209 | § § § § |

Location: **County Court at Law No. 2**
Judicial Officer: **FIFER, KING**
Filed on: **04/25/2011**

---

### CASE INFORMATION

Case Type: **DAMAGES (NON COLLISION)**
Subtype: **NEGLIGENCE**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | CC-11-02853-B |
| Court | County Court at Law No. 2 |
| Date Assigned | 04/25/2011 |
| Judicial Officer | FIFER, KING |

---

### PARTY INFORMATION

*Lead Attorneys*

**PLAINTIFF**   **AUSTIN, RANDY J**

**FREEFIELD, BRENT**
**STEWART**
*Retained*
*972-661-1111(W)*
*RAD LAW FIRM*
*12900 PRESTON RD*
*SUITE 900*
*DALLAS, TX 75230*

**DEFENDANT**   **KROGER TEXAS LP**
*DOING BUSINESS AS  KROGER STORE #209*
*SERVE THROUGH CORPORATION SERICE COMPANY*
*DBA CSC-LAWYERS INCO, REG AGENT*
*211 E 7TH ST, STE 620*
*AUSTIN, TX 00000*

**HARRIS, KIMBERLY**
*Retained*
*214-999-0550(W)*
*THE PEAVLER GROUP*
*3400 CARLISLE ST.*
*SUITE 430*
*DALLAS, TX 75204*

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/25/2011 | ORIGINAL PETITION (OCA - NEW CASE FILED) | |
| 04/25/2011 | ISSUE CITATION | |
| 04/25/2011 | **CITATION (SERVICE)**<br>KROGER TEXAS LP<br>Served: 05/03/2011 | |
| 05/31/2011 | ORIGINAL ANSWER<br>  Party:  DEFENDANT  KROGER TEXAS LP | |
| 08/26/2011 | **DISMISSAL HEARING** (9:00 AM)  (Judicial Officer: FIFER, KING) | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**PLAINTIFF**  AUSTIN, RANDY J
| | |
|---|---|
| Total Charges | 221.00 |
| Total Payments and Credits | 221.00 |
| **Balance Due as of  6/2/2011** | 0.00 |

*Printed on 06/02/2011 at 10:38 AM*



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY J. AUSTIN, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS L.P. d/b/a KROGER | § | |
| STORE #209, | § | |
|     Defendant | § | |

## INDEX OF STATE COURT FILINGS

(a)    Plaintiff's Original Petition, and Request for Disclosures and Citation (filed 4/25/11); and

(b)    Defendant's Original Answer (filed 5/27/11).

Respectfully submitted,

**Donna C. Peavler**
Attorney-in-charge
State Bar No. 00783887
dpeavler@peavlergroup.com
**Kimberly P. Harris**
State Bar No. 24002234
kharris@peavlergroup.com
THE PEAVLER GROUP
3400 Carlisle Street, Suite 430
Dallas, Texas 75204
(214) 999-0550
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
KROGER TEXAS L.P.**

MAIL

# CITATION

### Cause #:  CC-11-02853-B

The State of Texas
County Court at Law No. 2
Dallas County, Texas

SERVE:

PLAINTIFF(S) ATTORNEY:
BRENT STEWART FREEFIELD

KROGER TEXAS LP, DOING BUSINESS AS
KROGER STORE #209
SERVE THROUGH CORPORATION SERVICE
COMPANY
DBA CSC-LAWYERS INCO REG AGENT
211 E 7TH ST STE 620
AUSTIN TX 00000

RAD LAW FIRM
12900 PRESTON RD
SUITE 900
DALLAS TX 75230
972 661 1111

"You have been sued. You may employ an attorney. If you or your attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and Original Petition, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 2, of Dallas County, Texas, at the George Allen Courts Building of said County 600 Commerce Street, Suite 101, Dallas, Texas 75202.

*Plaintiff(s),*
**RANDY J AUSTIN**
vs **KROGER TEXAS LP, DOING BUSINESS AS KROGER STORE #209**
*Defendant(s)*

filed in said Court on the 25th day of April, 2011 a copy of which accompanies this citation.

WITNESS:  JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas, GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 25th day of April, 2011 A.D.

JOHN F. WARREN
Dallas County Clerk

Andranette Ivy, Deputy

---

### OFFICER'S RETURN

Came  to  hand  on  the ____ day  of _____, A.D. , 20 ____ at ____ o'clock ____ M. and executed  by delivering to _____
(Name, Address where served including:  City, State and Zip)
on the ____ day of _____ A.D. 20 ____ at ____ o'clock ____ M., the within named Defendant, in person, a true copy of this Citation, together with a copy of the Original Petition with date of service marked thereon.

_____County, Texas

_____
Deputy

(Must be verified if served outside the State of Texas, or if served in Texas by anyone other than a Sheriff or Constable.)

_____

Signed and sworn to by the said _____before me this _____ day of _____
,20 _____ , to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____



CAUSE NO. *CC-11-02863-B*

| | | |
|---|---|---|
| RANDY J. AUSTIN, | § | IN THE COUNTY COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | AT LAW NO. 2 |
| KROGER TEXAS L.P., d/b/a KROGER | § | |
| STORE #209, | § | |
|    Defendant. | § | |
| | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

     COMES NOW, **RANDY J. AUSTIN**, Plaintiff, and files his Original Petition and Request for Disclosures, complaining of **KROGER TEXAS L.P., d/b/a KROGER STORE #209 (hereinafter "KROGER")**, Defendant, and would respectfully show unto the Court as follows:

### 1.
### LEVEL 2 DISCOVERY CONTROL PLAN

1.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests that discovery be conducted pursuant to a Level 2 discovery control plan.

### 2.
### JURISDICTION AND VENUE

2.1    Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

2.2    Venue is proper in Dallas County, Texas because the incident which forms the basis of this lawsuit arose in Dallas County, Texas, pursuant to Tex.Civ.Prac.&Rem.Code Section 15.002(a)(1).

### 3.
### PARTIES

3.1    Plaintiff is an individual who resides in Dallas County, Texas.

3.2    Defendant **KROGER TEXAS L.P., d/b/a KROGER STORE #209** is a foreign corporation doing business in Texas, and may be served with process by serving its

registered agent: Corporation Service Company d/b/a CSC-Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, Texas.

## 4.
## FACTS

4.1     On Monday, July 27, 2009, at approximately 10:30 a.m., Plaintiff was working in the course and scope of his employment for Defendant KROGER. as a "Floor Clean-Up Person" at Kroger Store #209, located at 525 N. Galloway in Mesquite (Dallas County) Texas, 75149.  Plaintiff was fifty-nine (59) years old on the date of incident.

4.2     At the time of the incident, Plaintiff was instructed by one of his supervisors at Defendant KROGER to mop and clean up large areas of the floor inside the store (including but not limited to the Men's and Ladies' Customer Restrooms) which became covered with "dirty condenser water mixed with cleaning solvent."

4.3     Defendant KROGER has its own "in-house" service and maintenance technicians (hereinafter "service crew") who were sent to the store in question to clean and service the large air conditioning/refrigeration condensers (approximately 4-6 in all) that were located on the roof of the KROGER store.

4.4     While cleaning and servicing the 4-6 condensers on the roof of the KROGER store, Defendant's in-house service crew used large quantities of water and a "cleaning solvent" to perform this task, which caused the "dirty condenser water mixed with cleaning solvent" to leak through the ceiling and/or HVAC duct system, where it accumulated on to the Mens' and Ladies' Customer Restroom floors.

4.5     As Plaintiff was attempting to mop and clean the "dirty condenser water mixed with cleaning solvent" in the Mens' Restroom, Plaintiff slipped and violently fell on his left side, which resulted in a severe left hip dislocation and left femur fracture.  Plaintiff has now undergone six (6) surgeries (to date) on his left hip and left lower extremity as a result of the incident. Plaintiff's left leg is now two (2) inches shorter than his right leg as a result of the incident.

4.6     Defendant KROGER is a "non-subscriber" to Workers' Compensation insurance coverage as that term is understood under Texas law.  As such, Defendant KROGER may not avail itself of the common-law defenses set forth in Section 406.033 of the Texas Labor Code.

## 5.
## NEGLIGENCE CAUSE OF ACTION: KROGER TEXAS L.P., d/b/a KROGER STORE #209

5.1     Plaintiff would show that, at the time of the incident, Defendant KROGER, by and through its employees, agents, representatives and/or vice principals,  failed to exercise

the reasonable and ordinary care which a prudent owner and operator of a retail grocery store would exercise, with regard to one or more of the following particulars:

a.   Defendant failed to adequately staff its store with a reasonable number of "clean up" employees at the time of the incident;

b.   Defendant failed to properly train Plaintiff on how to safely perform the task that Plaintiff was instructed to perform at the time of the incident;

c.   Defendant failed to properly supervise Plaintiff to make sure that Plaintiff was safely performing the task at the time of the incident;

d.   Defendant failed to adequately warn Plaintiff of the dangers associated with the task which Defendant instructed Plaintiff to perform at the time of the incident;

e.   Defendant failed to provide Plaintiff with the proper clothing (shoes), tools and equipment which would have enabled Plaintiff to safely perform the task that he was instructed to perform at the time of the incident;

f.   Defendant failed to coordinate the cleaning and servicing of the large 4-6 condensers on its roof during a time when the store was closed (or had minimal customer traffic) such that Plaintiff would have adequate time and assistance from his co-workers to get the water off the restroom floors;

g.   Defendant failed to place liquid absorption materials on the floor prior to having its condensers cleaned and serviced, so as to reduce or eliminate the dangers associated with large accumulations of water on the floor; and

h.   Defendant failed to instruct its service crew to place liquid absorption materials on the floor prior to having its condensers cleaned and serviced, so as to reduce or eliminate the dangers associated with large accumulations of water on the floor.

5.2   Defendant KROGER owed Plaintiff a duty of reasonable and ordinary care. Said Defendant breached its duty to Plaintiff through one or more of the negligent acts and/or omissions set forth above, and said breach was a proximate cause of Plaintiff's injuries and damages.

## 6.
## PREMISES LIABILITY CAUSE OF ACTION:
## DEFENDANT KROGER TEXAS L.P., d/b/a KROGER STORE #209

6.1   The large accumulation of water in Defendant's customer restrooms posed an unreasonable risk of harm;

6.2   Defendant knew or reasonably should have known of the danger;

6.3    Defendant failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe.

6.4    Defendant owed Plaintiff a duty of reasonable care. Defendant breached its duty of care to Plaintiff, and said breach was a proximate cause of Plaintiff's injuries and damages for which he sues.

## 7.
## GROSS NEGLIGENCE

7.1    The conduct of Defendant constituted acts and/or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others and of which Defendant had actual subjective awareness of said risk but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.   Accordingly, the imposition of punitive (exemplary) damages against Defendant is sought herein.

## 8.
## DAMAGES

8.1.   As a proximate result of Defendant's negligence and gross negligence, Plaintiff sustained serious and permanent bodily injuries.  These injuries caused Plaintiff to sustain physical pain and suffering, mental anguish, permanent impairment and physical disfigurement, both in the past and continuing into the future.

8.2    Plaintiff has incurred reasonable and necessary medical expenses in the past, and will in all reasonable probability incur medical expenses in the future.

8.3    Plaintiff has incurred lost wages in the past, and will in all reasonable probability incur lost wages in the future.

8.4    Plaintiff seeks to recover for his past and future loss of earning capacity due to the injuries he sustained.

8.5    Plaintiff seeks to recover from Defendant all of the damages set forth herein.

## 9.
## REQUEST FOR DISCLOSURES

9.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose to Plaintiff, within fifty (50) days of service of this request, the information and documents described in Rule 194.2 (a) through (l), to be produced to the undersigned at Rad Law Firm, P.C., North Dallas Bank Tower, 12900 Preston Road, #900, Dallas, Texas 75230.



## 10.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant, for:

1.   Actual damages;
2.   Punitive (exemplary) damages;
3.   Pre-judgment and post- judgment interest as allowed by law;
4.   Costs of suit; and
5.   Any further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**RAD LAW FIRM, P.C.**

BY:

**BRENT S. FREEFIELD**
State Bar No. 07417350
12900 Preston Road, Suite 900
Dallas, Texas 75230
(972) 661-1111 – Telephone
(972) 661-3537 – Facsimile

**ATTORNEY FOR PLAINTIFF**





RECEIVED
APR 2 7 2011
BY:_____

COPY



U.S. POSTAGE
PAID
MCKINNEY, TX
MAY 03'11
AMOUNT
$6.23
00065942-12
78701
1000
UNITED STATES POSTAL SERVICE



CERTIFIED MAIL

7009 2820 0003 6788 8419

LEGAL DOC MGMT
2025 VISTA CREST DR.
CARROLLTON, TX 75007

CORPORATION SERVICE COMPANY
211 E. 7TH ST. #620
AUSTIN, TX 78701

RETURN RECEIPT
REQUESTED



CAUSE NO. CC-11-02853-B

| | | | |
|---|---|---|---|
| RANDY J. AUSTIN, | § | IN THE COUNTY COURT | |
|     Plaintiff, | § | | |
| | § | | |
| VS. | § | AT LAW NO. 2 | |
| | § | | |
| KROGER TEXAS L.P. d/b/a KROGER | § | | |
| STORE #209, | § | | |
|     Defendant. | § | DALLAS COUNTY, TEXAS | |

---

### DEFENDANT'S ORIGINAL ANSWER

Defendant Kroger Texas L.P. d/b/a Kroger Store #209 hereby files its Original Answer to Plaintiff's Original Petition and in support thereof states as follows:

### I.
### SPECIAL EXCEPTIONS

Defendant objects and specially excepts to Plaintiff's Original Petition in that it fails to specify the maximum amount of damages claimed. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Defendant hereby requests that the Court require Plaintiff to replead, specifying the maximum amount of damages claimed.

### II.

Defendant prays that Plaintiff be required to replead the foregoing pleadings within seven (7) days or that the Petition should be stricken.

### III.
### GENERAL DENIAL

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of

fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

## IV.
## DEFENSES

Pleading further, Defendant states that Plaintiff's damages complained of, if any, were the result of prior or pre-existing injuries, accidents, or conditions, and said prior or pre-existing injuries, accidents, or conditions, were the sole and/or a contributing cause of the Plaintiff's alleged damages.

## V.

Defendant contends that Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or producing and/or proximate cause of Plaintiff's damages or injuries, if any.

## VI.

Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby proximately causing Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages or injuries, if any.

## VII.

Further, Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

**VIII.**

Defendant alleges that the accident complained of was an unavoidable accident as that term is known in law.

**IX.**

Moreover, Defendant is not liable to Plaintiff because Plaintiff was doing the same character of work that he had always done and that other employees in other stores were required to do, and the work involved was not unusual.

**X.**

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**XI.**

Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code §41.0105.

**XII.**

Defendant states that in the unlikely event that an adverse judgment would be rendered against it in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

Respectfully submitted,



Donna C. Peavler
State Bar No. 00783887
Kimberly P. Harris
State Bar No. 24002234
THE PEAVLER GROUP
3400 Carlisle Street, Suite 430
Dallas, Texas 75204-1221
(214) 999-0550
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing document has been
forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure on May 27,
2011.

Kimberly P. Harris

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

3-11CV1169-B

RECEIVED
JUN - 2 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Ohio
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brent Freefield, Rad Law Firm, P.C., 12900 Preston Road, Ste. 900
Dallas, Texas 75230, 972-661-1111

Attorneys (If Known)
Donna C. Peavler and Kimberly P. Harris, The Peavler Group, 3400
Carlisle St. Ste. 430, Dallas, Texas 75204, 214-999-0550.

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

❏ 1  U.S. Government
　　　 Plaintiff

❏ 3  Federal Question
　　　 (U.S. Government Not a Party)

❏ 2  U.S. Government
　　　 Defendant

☒ 4  Diversity
　　　 (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)　　　　　　　　　　　　　　and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | 　　　 Med. Malpractice | ❏ 625 Drug Related Seizure | 　　　 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | 　　　 Liability | ❏ 365 Personal Injury - | 　　　 of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | 　　　 Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| 　　　 & Enforcement of Judgment | 　　　 Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | 　　　 Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | 　　　 Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | 　　　 Liability | 　　　 Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| 　　　 Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | 　　　 Safety/Health | | ❏ 490 Cable/Sat TV |
| 　　　 (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | 　　　 Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| 　　　 of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | 　　　 Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | 　　　 Property Damage | 　　　 Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | 　　　 Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 　　　 12 USC 3410 |
| ❏ 195 Contract Product Liability | ☒ 360 Other Personal | 　　　 Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | 　　　 Injury | | 　　　 & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | 　　　 Sentence | ❏ 791 Empl. Ret. Inc. | 　　　 or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | 　　　 Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | 　　　 Accommodations | ❏ 530 General | | 　　　 26 USC 7609 | 　　　 Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | 　　　 Under Equal Access |
| | 　　　 Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | 　　　 to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | 　　　 Alien Detainee | | ❏ 950 Constitutionality of |
| | 　　　 Other | | ❏ 465 Other Immigration | | 　　　 State Statutes |
| | ❏ 440 Other Civil Rights | | 　　　 Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

❏ 1  Original
　　　 Proceeding

☒ 2  Removed from
　　　 State Court

❏ 3  Remanded from
　　　 Appellate Court

❏ 4  Reinstated or
　　　 Reopened

❏ 5  Transferred from
　　　 another district
　　　 (specify)

❏ 6  Multidistrict
　　　 Litigation

❏ 7  Appeal to District
　　　 Judge from
　　　 Magistrate
　　　 Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:　❏ Yes　☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):　JUDGE　　　　　　　　　　DOCKET NUMBER

DATE
6-2-11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　　 AMOUNT　　　 APPLYING IFP　　　 JUDGE　　　 MAG. JUDGE

**United States District Court**
**Northern District of Texas**

**Supplemental Civil Cover Sheet For Cases Removed From**
**State Court**

**3-11CV1169-B**

*This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.*
*District Clerk's Office.  Additional sheets may be used as necessary.*

RECEIVED

JUN - 2 2011

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1.      **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

| Court | Case Number |
|---|---|
| County Court at Law No. 2, Dallas County | CC-11-02853-B |

2.      **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
party type. Also, please list the attorney(s) of record for each party named and include
their bar number, firm name, correct mailing address, and phone number (including area
code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Plaintiff<br>Randy J. Austin | Brent S. Freefield<br>Rad Law Firm, P.C.<br>State Bar No. 0741735<br>12900 Preston Road, Ste. 900<br>Dallas, Texas  75230<br>972.661.1111 |
| Defendant<br>Kroger Texas L.P. d/b/a<br>Kroger Store #209 | Donna C. Peavler<br>Attorney-in-charge<br>State Bar No. 00783887<br>Kimberly P. Harris<br>State Bar No.  24002234<br>The Peavler Group<br>3400 Carlisle St., Suite 430<br>Dallas, Texas 75204<br>214.999.0550 |

3.      **Jury Demand:**

Was a Jury Demand made in State Court?          ☐ Yes     X No

If "*Yes*," by which party and on what date?

_____          _____
Party                                      Date

4.      **Answer:**

Was an Answer made in State Court?          X Yes   ☐ No

If "*Yes*," by which party and on what date?

Kroger Texas L.P.                           May 27, 2011
Party                                       Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                   **Reason(s) for No Service**

None

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                   **Reason**

None

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                   **Claim(s)**

Plaintiff                                   Negligence

Defendant                                   Contributory Negligence