IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY J. AUSTIN, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1169-B |
| | § | |
| KROGER TEXAS L.P. d/b/a KROGER | § | |
| STORE #209, | § | |
|     Defendant | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 *et seq.*, Defendant moves for summary judgment in this slip-and-fall case because Plaintiff's pleadings, discovery responses, and deposition testimony show that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.

### I.
### PLAINTIFF'S CLAIMS

Plaintiff, who worked as a "Floor Clean-Up Person" for Defendant Kroger, asserts negligence, premises liability, and gross negligence against Defendant for injuries he sustained while mopping "dirty condenser water mixed with cleaning solvent" in the Mens' Restroom of Defendant's store. Kroger does not subscribe to the Texas Workers' Compensation system and hence is subject to suit by injured employees.

### II.
### GROUNDS ENTITLING DEFENDANT TO SUMMARY JUDGMENT

Plaintiff asserts three claims against Kroger: (1) premises liability; (2) ordinary negligence (unsafe workplace); and (3) gross negligence. Defendant is entitled to summary

judgment on all claims because Plaintiff's pleadings, discovery responses, and deposition testimony show that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.

Defendant is entitled to summary judgment on Plaintiff's **negligence** claim for four reasons: (1) where, as here, an employee is injured by a condition of the premises, his cause of action lies solely in premises liability, and he cannot maintain an ordinary negligence (unsafe workplace) claim; (2) where, as here, an employee is injured while performing his routine and customary job and there is no evidence that the work is unusually precarious, there can be no negligence as a matter of law; (3) where, as here, the hazard at issue is commonly known and fully appreciated by the Plaintiff, the employer owes no duty to warn, train or supervise the employee regarding the danger; and finally (4) where, as here, the employee was injured by a defective condition that he was employed to inspect for or repair.  Here, Plaintiff knew and appreciated that the floor was wet and slippery prior to his fall, purposefully navigated through the hazard numerous times without incident, and ultimately slipped on the very hazard he was in the hired to, and was in the process of, cleaning.  Consequently, Plaintiff's negligence claim fails as a matter of law.

Defendant is entitled to summary judgment on Plaintiff's **premises-liability** claim because: (1) Plaintiff has no evidence that Defendant had actual or constructive knowledge of the hazard; and (2) Defendant had no duty to warn that a spill is slippery or, alternatively, (3) Defendant satisfied any duty to warn through Plaintiff's own placement of warning signs outside the men's' restroom.

Defendant is entitled to summary judgment on Plaintiff's **gross-negligence** claim because Plaintiff has no evidence (much less "clear and convincing evidence") that: (1) the occurrence objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; (2) Defendant had actual, subjective awareness of the risk involved; and (3) Defendant proceeded with conscious indifference to the rights, safety, or welfare of others.

Finally, Defendant is entitled to judgment on **all three** claims because Plaintiff was the sole proximate cause of his own injuries as a matter of law. Accordingly, Defendant is entitled to judgment on all claims as a matter of law.

### III.
### MATTERS REQUIRED BY LR 56.3(a)

As permitted by LR 56.3(b), Defendant states that each of the required matters of LR 56.3(a) will be set forth in Defendant's Brief and Defendant's Appendix in Support of its Motion for Summary Judgment, which are both filed concurrently with this Motion.

### IV.
### PRAYER

For the reasons stated above, and as more fully explained and argued in its Brief in Support of Motion for Summary Judgment and as evidenced in its Appendix in Support of its Motion for Summary Judgment, Defendant respectfully prays that the Court grant Defendant's motion in its entirety, render judgment that Plaintiff take nothing of or from Defendant, award Defendant its costs incurred in defending this matter; and grant such other relief, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe
**Donna C. Peavler**
Attorney-in-charge
State Bar No. 00783887
dpeavler@peavlergroup.com
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlergroup.com
THE PEAVLER GROUP, P.C.
3400 Carlisle Street, Suite 430
Dallas, Texas  75204
(214) 999-0550 Telephone
(214) 999-0551 Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on March 23, 2012.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

-4-