UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY J. AUSTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1169-B |
| | § | |
| KROGER TEXAS L.P. d/b/a Kroger Store # 209, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (doc. 18), filed March 23, 2012. For the reasons stated below, Defendant's Motion is hereby **GRANTED**.

## I.

## BACKGROUND

This case arises out of a slip-and-fall accident that occurred on Defendant's premises in Mesquite, Texas. Plaintiff Randy J. Austin began working for Defendant Kroger Texas L.P. ("Kroger") in 1997. Def.'s Br. 3. Since that time, he has worked in a variety of positions at the store, and in 2008, he was named a "utility clerk" or "floor clean-up person." *Id.*; Pl.'s Orig. Pet. ("Pet.") ¶ 4.1. As a utility clerk, Austin's duties include mopping the floor and cleaning the men's and women's restrooms. Def.'s App., Austin Dep. 24:13-18, Dec. 15, 2011.

On July 27, 2009, Austin was called into work at around 9:00 a.m. *Id.*, Austin Dep. 21:15. When he arrived at the store, he was not instructed to perform any particular task and began to perform his customary routine of cleaning and maintaining the store. *Id.*; Austin Dep. 100:7-18.

Around 9:45 a.m., Austin went into the women's restroom and cleaned a small puddle of brown, oily liquid. Austin Dep. 87:6-16, 91:12-92:24. Then, at around 10:00 a.m, Austin went into the men's restroom where he noticed that the same oily liquid covered about eighty percent of the floor. Def.'s Br. 5; Austin Dep. 54:18. For about the next thirty minutes, Austin used dry mops to clean the floor. Austin Dep. 55:14-25. While in the process of cleaning, Austin occasionally left the bathroom to replace the mop head, stepping carefully to avoid falling. Def.'s Br. 6; Austin Dep. 96:19-97:14. At around 10:30 a.m., while continuing to mop the liquid, Austin slipped and fell on his left side, resulting in a severe hip dislocation and left femur fracture. Pl.'s Pet. ¶ 4.5. At the time of his injury, Austin had cleaned about thirty to forty percent of the spill. Def.'s Br. 6; Austin Dep. 62:6-14.

Austin alleges that the oily liquid that caused him to slip dripped from the ceiling and HVAC duct system. Pl.'s Pet. ¶ 4.4. He further alleges that Kroger's in house-mechanic, Charles Black, caused the spill when he used large quantities of water and cleaning solvent to clean refrigeration condenser units ("condenser units") that are located in the roof of the Kroger store. *Id.* ¶ 4.3. The condenser units are located above the men's restroom and lack any drains that would divert the water. Pl.'s Resp. 2. Austin alleges that Kroger was negligent for failing to have installed a proper drainage system, and also that several employees, including Barbara Porter, the store manager, constructively knew of the spill on the day of the accident. Pl.'s Pet. ¶¶ 5.1-7.1

On April 25, 2011, Austin filed this lawsuit in state court in Dallas County, which Kroger subsequently removed on the basis of diversity jurisdiction. Def.'s Notice of Removal 1. Austin alleges three separate causes of action against Kroger. First, Austin alleges that Kroger was negligent in its handling of spills by having too few workers prepared to clean up and for having failed to have materials to reduce and eliminate the dangers associated with large spills, such as an absorbent called

Spill Magic. Pl.'s Pet. ¶ 5.1. Second, Austin alleges Kroger a cause of action for premises liability, arguing that Kroger failed to adequately warn him of the dangers posed by the spill. *Id.* ¶ 6.3. Finally, Austin alleges a cause of action for gross negligence. *Id.* ¶ 7.1. On March 23, 2012, Kroger filed a Motion for Summary Judgment, arguing that each of Austin's causes of action must be dismissed and that Kroger cannot be held liable as a matter of law. The briefing now being ripe, the Court will address each of Austin's claims below.

## II.

## LEGAL STANDARDS

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.* When the movant bears the burden

of proving an affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements." *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 35 F.3d 409, 412 (5th Cir. 2003)).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Little*, 37 F.3d at 1075. Nevertheless, a non-movant may not simply rely on the Court to sift through the record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant does provide must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This evidence must be such that a jury could reasonably base a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

## III.

## ANALYSIS

In its Motion, Kroger argues that each of Austin's three causes of actions fail as a matter of law. First, Kroger argues that Austin's negligence claim is precluded under Texas law because he was injured while on store premises, rather than as a result of an activity. Second, Kroger argues that Austin cannot prove the essential elements of a premises-liability claim both because he cannot

establish that any Kroger employee knew of the spill and because he was aware of the dangerous condition at the time of the accident. And third, Kroger argues that Austin's claim of gross negligence must fail because he has failed to offer evidence that Kroger was consciously indifferent to his safety. The Court will address the merits of these arguments below.

A.   *Ordinary Negligence*

Texas law distinguishes between recovery on a claim of negligence and a claim arising from a condition on the premises. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). In a negligent activity case, then, the plaintiff must allege that she has been injured as a result of ongoing activity of the defendant rather than by a condition on the property. *In re Texas Dep't of Transp.*, 218 S.W.3d 74, 77-78 (Tex. 2007). In *Keetch*, for example, the Texas Supreme Court noted that a customer slipped on a spot on the floor of a grocery store, not as the result of any ongoing activity, but because employees had previously sprayed plants and were negligent in failing to clean the spill. *Keetch*, 845 S.W.2d at 264.

In this case, Austin has alleged that he slipped on a puddle created by Defendant's mechanic. Therefore, his injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity. In his Response, Austin fails to address this argument, and further fails to offer any evidence that he was injured by an activity of Kroger. Accordingly, his negligence claim is **DISMISSED**.

B.   *Premises Liability*

To succeed on a premises liability negligence claim, an invitee must prove the following: (1)

a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee. *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). For the purposes of premises liability, a property owner's employees are considered invitees. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 197 (Tex. 1963). Invitees are not insured by the owner of the premises; rather, the owner owes an invitee a "duty to exercise reasonable care to protect against dangerous conditions on the premises that are known or reasonably discoverable." *Saffold v. Kroger Texas, L.P.*, No. 4:10–CV–961–A, 2011 WL 4907378, at *2 (N.D. Tex. Oct. 14, 2011). Therefore, an employer "owes no duty to warn of hazards that are commonly known or already appreciated by the employee." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Kroger argues that Austin has failed to establish the second and third required elements, and therefore his claim of premises liability must fail.

A slip-and-fall plaintiff can satisfy the notice or knowledge element by establishing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Saffold*, 2011 WL 4907378, at *2. Austin's sworn testimony affirms that he has no information that any Kroger employee knew, or should have known, that there was liquid on the floor of the men's bathroom. Def.'s App., Austin Dep. 69:5-17. In addition, Austin admitted in his deposition that he had no evidence to suggest how long the liquid had been on the floor, and was unaware of any customer or employee who had complained about the liquid. *Id.*, Austin Dep. 69:2-4, 87:24-88:2. Most importantly, Austin indicated that on the day he

fell, he was serving as day utility clerk, and was therefore solely responsible for inspecting the bathroom. *Id.*, Austin Dep. 58:10-24. Although Austin argues that other employees should have been aware that cleaning the condenser units would lead to spills in the bathroom, he has offered no evidence to support this theory, and his admission that he was unaware of any similar accidents in the past belies this assumption. *See id.*, Austin Dep. 73:20-25. Upon full review of the evidentiary record before the Court in a light most favorable to the non-movant, the record indicates that there is no genuine issue of material fact as to Defendant's knowledge.

Nevertheless, even if Austin had established that Defendant had knowledge of the condition, his claim would fail because he has not offered evidence that would indicate that he failed to appreciate the nature of the hazard. Austin has testified that the pool of liquid "looked like a oily substance." *Id.*, Austin Dep. 59:24-25. To avoid slipping, he consciously took "baby steps," and put two separate wet-floor signs outside the bathroom. *Id.* at 56:22-57:8. Therefore, Austin has testified that he was fully aware of the risks he faced in cleaning the spill, and has not suggested that Kroger could have provided further information regarding the nature of the spill. *See Elwood*, 197 S.W.3d at 794.

While Austin notes that Kroger failed to have a spill absorbent on hand, there is no basis to conclude that by failing to have such cleaning supplies available to Austin, the store breached its duty to exercise reasonable care. Austin relies primarily on the deposition of Porter, the store manager, who explained that while using Spill Magic is beneficial because it doesn't leave an oily reside on the floor, Austin would only need a mop and bucket to clean a spill. Pl.'s App., Porter Dep. 40:3-12. Furthermore, Austin has not indicated that he asked to use Spill Magic, or that Kroger breached its duty by failing to provide Spill Magic. *See Allsup's Convenience Stores, Inc. v. Warren*, 934

S.W.2d 433, 438 (Tex. App.–Amarillo, writ denied 1996) (noting that respondent never requested to use a safety belt or back brace, and that she had previously unloaded a truck without such equipment). In other words, while Kroger did not have Spill Magic on hand, this fact, and this fact alone, does not suggest that it was negligent in failing to exercise reasonable care.

Given that Austin was aware of the risk that he faced when mopping the spill, and in fact acted to inform others that the men's bathroom was wet, the Court finds that no reasonable jury could infer that, under these circumstances, Kroger owed him a duty. In effect, Austin himself satisfied Kroger's duty when he posted signs regarding the bathroom floor. Furthermore, Austin has offered no evidence to suggest that Kroger's employees knew or, or constructively had knowledge of, the spill. Accordingly, Austin's claims for premises liability is **DISMISSED.**

C.     *Gross Negligence*

To establish a claim for negligence, a plaintiff must prove the following (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by that breach. *Elwood*, 197 S.W.3d at 794. To establish gross negligence, a plaintiff must also prove by clear and convincing evidence two additional elements: (1) that from the actor's standpoint, the act or omission complained of involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) that the actor had actual subjective awareness of the risk involved but nevertheless proceeded in conscious indifference of the rights and safety or welfare of others. TEX. CIV. PRAC. & REM.CODE ANN. § 41.003(a)(3) (Vernon 2005); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). "Under the first element, 'extreme risk' is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). Under the

second element, actual awareness means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care. *See Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993).

To establish gross negligence, Austin argues that Kroger's failure to install a drain that would safely divert any oily substance from the condenser units demonstrates an "extreme degree of risk." Pl.'s Resp. 23. However, Austin's own testimony does not support this conclusion. He admits that he had mopped the men's bathroom floor throughout his career without incident, and was not aware of any other time when an employee fell. Def.'s App., Austin Dep. 73:20-25. Based on the evidence that Austin has put forward, then, no reasonable juror could conclude that Kroger was consciously indifferent to the safety of its employees, or that he faced an extreme risk in performing a job he had done safely for years. Accordingly, Austin's claim of gross negligence is hereby **DISMISSED**.

## IV.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (doc. 18) is hereby **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED** with prejudice.

**SO ORDERED.**

**SIGNED** July 10, 2012

*[signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE