UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY J. AUSTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1169-B |
| | § | |
| KROGER TEXAS L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Randy J. Austin's Motion for Leave to File Surreply (Doc. 104). For the reasons that follow, the Court **DENIES** the Motion.

### I.

### BACKGROUND

This is a negligence case in which Plaintiff Randy J. Austin ("Austin") is suing his employer, Defendant Kroger Texas L.P. ("Kroger"), for failing to provide him with necessary instrumentalities for his job, which allegedly caused him to fall and suffer injuries. Kroger has filed a motion for summary judgment, Doc. 96, Def.'s Mot. for Summ. J., to which Austin responded. Doc. 100, Br. in Supp. of Pl.'s Resp. Kroger then filed a reply, Doc. 103, Reply Br. in Supp. [hereinafter "Def.'s Reply Br."], which Austin alleges contains a new argument for granting summary judgment. Doc. 104, Mot. for Leave to File Surreply [hereinafter "Surreply Mot."]. As a result, Austin now seeks leave to file a surreply to address this supposedly new argument. *Id.* Kroger opposes Austin's motion on the grounds that it sufficiently raised the argument in its original summary judgment motion. Doc. 105, Def.'s Resp. to Pl.'s Mot. for Leave to File Surreply. With briefing on the issue now complete,

Austin's Motion for Leave to File Surreply is ready for review.

## II.

## ANALYSIS

In its motion for summary judgment, Kroger argued, as relevant here, that Austin "has no evidence" that Kroger's alleged negligence caused his fall. Doc. 96, Def.'s Mot. for Summ. J. 2. In support of this assertion, it cited to evidence that Spill Magic, a cleaner that Austin alleges Kroger should have provided to him, only reduces the likelihood of a fall by twenty-five percent. Doc. 97, Def.'s Br. in Supp. of Summ. J. Mot. 16. Austin responded that this evidence would be inadmissible at trial and therefore could not be considered on summary judgment. Doc. 100, Br. in Supp. of Pl.'s Resp. 20; *see also* Doc. 99, Pl.'s Objs. to Def.'s Summ. J. Evid. In its reply, Kroger conceded the evidence's inadmissibility, but pointed out that the only other evidence of causation in the record was Austin's own testimony, which was insufficient to establish that element of his negligence claim. Doc. 103, Def.'s Reply Br. Austin asserts that this latter argument was not present in Kroger's original motion. Doc. 104, Surreply Mot. 1, 3–5. Accordingly, he asks the Court to either grant him leave to file a surreply, or refuse to consider Kroger's argument in deciding its summary judgment motion. *Id.* at 6.

Austin is correct that a district court may not grant summary judgment on grounds raised for the first time in a summary judgment reply and to which the non-movant has not been able to respond. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). Thus, courts have allowed litigants to file surreplies on summary judgment when the movants used their reply briefs to: (1) introduce new evidence, *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006); (2) assert a new defense to liability, *Anderson v. Angs Grp., Inc.*, No.

3:12CV272, 2013 WL 485870, at *1 (S.D. Miss. Feb. 6, 2013); or (3) cite a supposedly analogous case for the first time, *Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010). The decisive question here, then, is whether Kroger raised the argument at issue in its summary judgment motion.

After reviewing the relevant filings, the Court is satisfied that Kroger properly raised its evidentiary insufficiency argument. In its summary judgment motion, Kroger clearly contends that "Austin has no evidence that Kroger's alleged failure proximately caused his injury." Doc. 96, Def.'s Mot. for Summ. J. 2. Although it echoes this position in its supporting brief, Kroger muddies the waters slightly by linking it to the analytically distinct argument that other evidence in the record—the Spill Magic efficacy statistics—conclusively disproves causation. Doc. 97, Def.'s Br. in Supp. of Summ. J. Mot. 15–16. A classic evidentiary insufficiency argument under *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), requires only that the movant "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. With its second argument, however, Kroger went a step further and identified evidence that "negate[s] the elements of [Austin's] case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted). Properly read, then, Kroger's motion contained two causation arguments for summary judgment: first, that Austin cannot produce sufficient evidence to sustain his burden of proof; and second, that Kroger's evidence conclusively refutes any evidence of causation that Austin might put forward.

Understood this way, it becomes clear that Kroger raised the argument to which Austin now objects in its summary judgment motion. In that motion, Kroger objected that Austin's evidence, at a global level, was not sufficient to prove causation, an element on which he would bear the burden

of proof at trial.[1] Doc. 96, Def.'s Mot. for Summ. J. 2; Doc. 97, Def.'s Br. in Supp. of Summ. J. Mot. 16. In other words, Kroger argued that all of the evidence in the record could not support a finding of causation. Thus, Kroger's argument necessarily encompassed a contention that Austin's deposition testimony was insufficient supporting evidence. Having raised the argument in its motion, Kroger was then entitled to elaborate upon it in its reply without the need to allow Austin to file a surreply. *See Murray v. TXU Corp.*, No. Civ.A. 303CV0888, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) ("A sur[]reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage.").

Additionally, Kroger's reply is "responsive to arguments raised and evidence relied on by [Austin] in his summary judgment response." *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015). In his response, Austin objected that Kroger's evidence regarding Spill Magic is inadmissible, and that without it, Kroger is not entitled to summary judgment. Doc. 100, Br. in Supp. of Pl.'s Resp. 19–20. In light of this argument, Kroger properly pointed out that summary judgment is still appropriate based on Austin's lack of causation evidence. Moreover, the evidence Kroger attacked as insufficient in its reply was deposition testimony that Austin cited in his response. *See id.* at 16 & n.43. For this additional reason, then, a surreply is unnecessary. *Lynch*, 2015 WL 6807716, at *1.

Last, Austin had the opportunity to, and did in fact, address the causation issue in his

---

[1] Austin contends that such a broad allegation cannot satisfy a movant's summary judgment burden to demonstrate the absence of a genuine dispute of material fact. Doc. 106, Pl.'s Reply Br. 2–3. Leaving aside the fact that whether a movant has carried its summary judgment burden is a different question from whether that party raised a particular issue in its motion, courts have found that a simple allegation that a party lacks sufficient evidence to prove specific elements of a claim is enough to shift the burden to the non-movant. *See, e.g.*, *Shaw v. Broadcast.com, Inc.*, No. 3:98-CV-2017, 2005 WL 2095770, at *5 (N.D. Tex. Aug. 30, 2005).

response. Doc. 100, Br. in Supp. of Pl.'s Resp. 19–20. It is not an abuse of discretion for a court to deny a party leave to file a surreply when that party seeks only to respond to arguments—even new ones—relating to an issue the party already addressed in its response. *See Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (unpublished); *Martinez v. Union Carbide Corp.*, 62 F.3d 392 (5th Cir. 1995) (table), 1995 WL 449829, at *3 n.3 (June 29, 1995) (per curiam) (unpublished). Accordingly, the Court does not believe that a surreply is warranted in this case.

### III.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Austin's Motion for Leave to File Surreply.

**SO ORDERED.**

**SIGNED: April 5, 2016.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE